Stanley Saletko and Bernard Sacks, d/b/a **S & S** Truck Parts Company, Plaintiffs-Appellees, v. Willys Motors, Inc., Defendant-Appellant.

**Gen. No. 48,625.**

First District, First Division.

June 12, 1962.

Victor L. Lewis, Stanley B. Block, and Vedder, Price, Kaufman & Kammholz, all of Chicago, for appellant.

Irvin J. Jacobson, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In this appeal the principal question is whether the nonresident defendant, Willys Motors, Inc., a Pennsylvania corporation, transacted "any business" within the State of Illinois sufficient to submit defendant "to the jurisdiction of the courts of this state." The trial court decided that it did, and the matter proceeded to a judgment. Defendant appeals.

Plaintiffs filed their complaint in the Circuit Court of Cook County, Illinois. Service of summons was made upon defendant by serving a Toledo office employee of defendant, while he was temporarily in Chicago attending the annual Chicago automobile show, where motor vehicles manufactured by defendant were on display. His duties, responsibilities, and authority were limited to keeping the vehicles on display clean and in good condition, and arranging for the replacement of missing parts. At no time had this employee engaged in any facet of the transaction between plaintiffs and defendant.

Defendant filed its special appearance and motion to quash service of process for lack of jurisdiction over the person of defendant, supported by affidavits setting forth the reasons. (§ 20 Civil Practice Act.) After oral argument the motion was overruled, and defendant answered, denied jurisdiction of the court

8

over the person of defendant, and pleaded to the merits of the complaint.

From the allegations of the complaint and defendant's affidavits filed in support of its motion to quash, to which plaintiffs did not file counteraffidavits, it appears that in July, 1958, defendant mailed an invitation from its office at Toledo, Ohio, to plaintiffs in Chicago, to bid for the purchase of surplus automotive parts, including 648 shafts. Plaintiffs, by a letter to defendant at Toledo, made a bid on the shafts of $1.79 each, or a total of $1,159.92. Defendant, by letter, informed plaintiffs that the offer to purchase the shafts was accepted. Under date of August 29, 1958, plaintiffs forwarded to defendant at Toledo plaintiffs' certified check for $1,159.92, together with a letter in which plaintiffs stated that the shafts would be picked up by "our truck the early part of this week."

On September 4, 1958, an employee of defendant telephoned plaintiffs that the number of shafts in stock was only 60 rather than 648. During this telephone conversation, it was agreed that plaintiffs would accept the 60 shafts, and defendant would return the excess balance of the purchase price. Later, on the same day, the 60 shafts were picked up by Truck Transport Company for shipment to Chicago.

On this same day, after the shafts had been turned over to the trucking company and were in transit, plaintiffs telephoned defendant in Toledo that plaintiffs would not accept the 60 shafts and demanded delivery of the 648. Defendant subsequently mailed plaintiffs its check for $1,052.52, being the excess payment. From the record it appears that this check was not accepted by plaintiffs. Plaintiffs' complaint alleges damages of $8,100, which includes $6,940.08 lost profits, because defendant failed to ship the 648 shafts.

As defendant's answer admitted that it owed plaintiffs the sum of $1,052.52, plaintiffs moved for the entry of a partial judgment on the pleadings. Judgment was then entered against defendant for $1,052.52, and the case was returned to the trial call to be heard in the regular course of the calendar. Defendant appeals from the judgment on the pleadings, and from the order denying its motion to quash service of process and to dismiss the cause for lack of jurisdiction over the person of defendant.

Defendant asserts that the cause of action, upon which the orders and partial judgment are based, did not arise out of the transaction by defendant or any of its agents of "any business" in Illinois, or the commission of any other act which would submit defendant "personally" to the jurisdiction of the Illinois courts under Section 17(1)(a) of the Civil Practice Act.

Of the various forms of activity set forth in Section 17(1), by which the defendant might be deemed to have submitted itself to the jurisdiction of the Illinois courts, only subsection (1)(a) is relevant here. Section 17(1)(a) provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State."

Plaintiffs contend that the actions of defendant constituted transaction of business within this state, submitting defendant to its jurisdiction, and rely primarily upon Nelson v. Miller, 11 Ill2d 378, 143 NE2d 673

10

(1957); Haas v. Fancher Furniture Co., 156 F Supp 564 (1957); and International Shoe Co. v. State of Washington, 326 US 310 (1945).

■ We are not persuaded that plaintiffs' authorities apply here. The Nelson case is an action in tort, under an entirely different and inapplicable provision of Section 17, arising out of the conduct of defendant's employee while physically present in Illinois. In the Haas case the court found substantial and regular solicitation of business by agents of the defendant physically present in Illinois. The decision of the United States Supreme Court in International Shoe Co. v. Washington, 326 US 310, 316, sets forth the standard by which "transaction" of business must be measured. To permit a state court to exercise in personam jurisdiction over a nonresident, the defendant must have had "certain minimum contacts" within the state, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Here, again there was regular and substantial solicitation of business by defendant's agents physically present in the state of Washington.

Defendant contends that where the contacts of a defendant with Illinois are solely by mail, telephone, or delivery of merchandise to independent carriers outside of Illinois for shipment into this state, the courts have refused to extend in personam jurisdiction under Section 17(1)(a), without a showing of the physical presence of a defendant or its agents in Illinois, in connection with the transaction out of which the cause of action arose. Grobark v. Addo Machine Co., Inc., 16 Ill2d 426, 158 NE2d 73 (1959); Insull v. New York, World-Telegram Corp., 273 F2d 166 (1959); International Shoe Co. v. Washington, 326 US 310; Trippe Mfg. Co. v. Spencer Gifts, Inc., 270 F2d 821 (1959).

11

■ In Grobark v. Addo Machine Co., Inc., 16 Ill 2d 426, 158 NE2d 73 (1959), our Supreme Court reviewed at length the major pertinent decisions, including Nelson v. Miller, 11 Ill2d 378, 143 NE2d 673 (1957), in determining whether the defendant had the requisite "minimum contacts" for the purposes of jurisdiction under Section 17(1)(a). From the reasoning in that case (page 437) we conclude that the performance of jurisdictional acts, by defendant or its agents while physically present in Illinois, is essential for submission to the jurisdiction of the courts of this state under Section 17(1)(a).

Defendant's affidavits show that at the time of the instant transaction defendant did not maintain any office or place of business in Illinois, had no officer, employee, agent or representative residing in or soliciting orders in Illinois. It was not qualified to do business in this state, and no part of the transaction was performed by defendant or any of its agents while physically present in Illinois. The transaction involved a limited correspondence and two telephone calls between Chicago and Toledo. The affidavits indicate that the shafts were delivered, outside of this state, to the trucking company, plaintiffs' agent, for shipment to plaintiff.

■ ■ The activities of an employee of defendant at the automobile show in Chicago, which were subsequent to and not a part of the instant alleged cause of action, did not constitute the "transaction of any business" within the due process limitations set forth in International Shoe Co. v. Washington, 326 US 310. We conclude that this record does not affirmatively show the "transaction of any business" in Illinois sufficient to subject defendant to in personam jurisdiction of the courts of this state.

■ As defendant timely challenged the jurisdiction of the Circuit Court of Cook County over the

person of defendant, we are of the opinion that the trial court should have sustained defendant's motion to quash service of process and dismiss the action against defendant.

For the reasons given, the judgment against defendant for the sum of $1,052.52 is reversed and the cause is remanded to the Circuit Court of Cook County with directions to sustain defendant's motion to quash the service of process and to dismiss the action against defendant.

Reversed and remanded with directions.

BURMAN and ENGLISH, JJ., concur.