**QUARTET MANUFACTURING COMPANY, an Illinois corporation, Plaintiff,**

v.

**ALLIED TRADERS, LTD. and Al Numan & Son, Inc., a corporation, Defendants.**

**No. 72 C 101.**

United States District Court, N. D. Illinois, E. D.

July 19, 1972.

Arthur E. Berlin, Michael E. Braude, Weinstein, Myer, New & Berlin, Chicago, Ill., for plaintiff.

Sheldon Karon, Joseph A. Spitalli, Friedman, Koven, Shapiro, Salzman, Koenigsberg, Spechs & Homer, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

Plaintiff Quartet Manufacturing Company ("Quartet") has sued defendants Allied Traders Ltd. ("Allied") and Al Nyman & Son, Inc. ("Nyman") for conspiring to violate the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2—Allied for breach

---

of contract, and Nyman for interference with contract. Allied moves to dismiss for lack of jurisdiction, improper venue and insufficiency of service of process. The motion is granted.

Quartet, an Illinois corporation, is in the business of manufacturing and selling, at wholesale, bulletin boards and related items. Allied, a Hong Kong corporation, is an exporter of bulletin board push pins. Nyman, whose principal placed of business is New York, is an importer of office supplies, including bulletin board push pins, and allegedly is in control of a substantial portion of the imported push pin market in the United States.

Quartet placed a letter order for push pins with Allied in November 1970. Confirmation was made in writing. Shipment was to be FOB Hong Kong. The only meeting between Quartet and Allied was in Hong Kong in August 1970. Allied never shipped the push pins, allegedly due to threats by Nyman that it would discontinue all further business with Allied.

Quartet filed this suit and served Allied under the Illinois "long-arm" statute, Ill.Rev.Stat. ch. 110, §§ 16–17. It is undisputed that Allied has its principal place of business in Hong Kong, is not qualified to do business in Illinois, has not consented to service of process in Illinois, is not the parent or subsidiary of any corporation doing business in Illinois, maintains no office in Illinois, does not and has not sent any agents or employees into Illinois, does not own real or personal property in Illinois, did not solicit Quartet's order of push pins, did not have an employee or agent present in Illinois in connection with Quartet's order of push pins and did not contemplate or foresee that it might have to defend a lawsuit in Illinois.

The Court is mindful that the Illinois legislature has expanded in personam jurisdiction to the limits permitted under the due process clause of the Fourteenth Amendment and that judicial decisions in this area have liberalized the requirements for jurisdiction. Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957); Royce & Mason, Nonresident Jurisdiction in Business Litigation, 52 *Chicago Bar Record* 100, 161 (Dec. 1971, Jan. 1972). However, the courts applying Illinois law have not gone so far as to hold "that the existence of a business relationship with an Illinois resident without proof of some ancillary contact with the forum will . . . suffice . . . ." Royce & Mason, supra, at 164.

Plaintiff's cases are distinguishable. In O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir. 1971) the contractual negotiations were initiated by the defendant; one of the defendants was physically present in Illinois to discuss the contract; the contract was accepted in Illinois; payments were to be made in Illinois; and, the contract was to be construed according to Illinois law. Both Koplin v. Thomas, Haab & Botts, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966) and Ziegler v. Houghton-Mifflin Co., 80 Ill.App.2d 210, 224 N.E.2d 12 (1967) involved far greater contacts with Illinois by the defendants there.

The complaint will be dismissed as to Allied.

It is so ordered.