**UNITED STATES RAILWAY EQUIPMENT CO., Plaintiff,**

v.

**PORT HURON AND DETROIT RAILROAD COMPANY, Defendant.**

**No. 72 C 2497.**

United States District Court,
N. D. Illinois, E. D.

Jan. 31, 1973.

On Motion for Reconsideration
Feb 20, 1973.

Leonard Schanfield, Harvey Barnett and Robert Tepper, Chicago, Ill., for plaintiff.

Robert F. Forrer, Wilson & McIlvaine, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint for lack of jurisdiction over its person pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1404(a).

The plaintiff is the United States Railway Equipment Company ("U.S. Railway"), an Illinois corporation having its principle place of business in Illinois. The defendant is the Port Huron and Detroit Railroad Company ("Port Huron"), a Michigan corporation, having its principle and only place of business in Michigan.

This is an action for the breach of a leasing contract between U.S. Railway and Port Huron. The complaint alleges that the defendant has failed to make payments due under the terms of an extension of said leasing agreement dated June 3, 1970.

Jurisdiction in this Court is alleged to rest on diversity of citizenship. The matter in controversy exceeds the sum of $10,000 exclusive of interest and costs.

Certain facts relevant to any discussion of this Court's *in personam* jurisdiction over the defendant have been presented in the complaint and by affidavits of the parties.

The defendant, Port Huron, has its principle and only place of business in Michigan. Port Huron has never been authorized to do business in the State of Illinois, has never maintained any office in that state, has never been listed in any telephone, city, business or trade directory in Illinois, and has never maintained an account with a financial institution in that state. Port Huron is a closely held corporation whose principle assets are 19.08 miles of track (all in St.

Clair County, Michigan), 2 locomotives and 2 cabooses. Port Huron employs only 36 individuals. None of Port Huron's directors, officers, employees or agents reside or solicit business in the State of Illinois. The defendant entered into a contract to lease 400 railroad cars from the plaintiff. This contract was the result of the plaintiff's solicitation at defendant's offices in Michigan. The initial lease executed in 1961 was signed by the defendant in Michigan. This suit involves an extension of the 1961 lease dated June 3, 1970. This 1970 agreement was signed by the plaintiff in Illinois, and then forwarded to the defendant in Michigan where it was "acknowledged and accepted by the defendant." No negotiations concerning that agreement were held in Illinois.

The defendant, in support of its motion to dismiss, contends that it is not subject to service of process within the Northern District of Illinois, Eastern Division, under Rule 4(d)(7) of the Federal Rules of Civil Procedure and the Illinois Long-Arm Statute, Chapter 110, Section 17 of the Illinois Revised Statutes. The plaintiff, in opposition to the motion to dismiss, contends that Port Huron transacted business in Illinois for the purposes of the Long-Arm Statute, and thus is subject to the jurisdiction of this Court.

It is the opinion of this Court that the defendant is not amenable to service under the Illinois Long-Arm Statute.

Rule 4(d)(7) of the Federal Rules of Civil Procedure provides that service of process upon a foreign corporation is sufficient if served in the manner prescribed by the law of the state in which the District Court sits. The applicable Illinois Long-Arm Statute, § 17 of the Civil Practices Act provides:

(1) Any person . . . who in person or through an agent does any of the acts herein enumerated, thereby submits such person . . . to the jurisdiction of the courts of this State as to any cause of action arising from the doing of business of any such acts:

(a) the transaction of any business within this State. . . .

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section.

While personal jurisdiction over a non-resident defendant does not depend upon the physical presence of the defendant within the state, it is necessary that the act or transaction which is the subject matter of the suit have substantial connection with the forum state. *Gray v. American Radiator and Standard Sanitation Corporation*, 22 Ill.2d 432, 438, 176 N.E.2d 761, 764 (1961); *Koplin v. Thomas Haab and Botts*, 73 Ill.App.2d 242, 254, 219 N.E.2d 646, 652 (1966); *Ziegler v. Houghton-Mifflin Company*, 80 Ill.App.2d 210, 224 N.E.2d 12 (1967).

The purpose of a state Long-Arm Statute is to permit courts sitting within the state to exert jurisdiction over non-residents to the extent permitted under the due process clause. *See, e. g., Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Koplin v. Thomas Haab and Botts, supra*. The due process implications of the extension of personal jurisdiction over non-resident defendants have been thoroughly explained by the Supreme Court. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The thrust of these Supreme Court decisions is that in order for the state to have jurisdiction over a non-resident defendant that defendant must have sufficient "minimum contacts" in the forum state so that jurisdiction is reasonable and just.

■ It is well settled that in order to have a constitutionally permissible minimum contact with the forum state a non-resident defendant must, by some act, purposely avail itself of the privilege of conducting business in the forum state. Hanson v. Denckla, *supra*; Consolidated Laboratories, Inc. v. Shandon Scientific Company, 384 F.2d 797 (7th Cir. 1967); Gray v. American Radiator and Standard Sanitation Corporation, *supra*.

Port Huron, the non-resident defendant in the instant action, did not maintain any office or place of business in Illinois; had no officers, employees, agents or representatives residing in or soliciting orders in Illinois. Port Huron was not qualified to do business in the State of Illinois and no part of the 1970 agreement, the subject matter of the instant suit, was performed by defendant, or any of its agents, while physically present in Illinois. The lease contract was the result of the unrequested solicitation of business by the plaintiff in Michigan. All relevant documents were signed by the defendant in Michigan.

■ Illinois courts dealing with factual situations similar to those present in the instant action have held that there was not sufficient contact with the forum state to have personal jurisdiction over the non-resident defendant. Grobark v. Addo Machine Company, Inc., 16 Ill.2d 426, 158 N.E.2d 73 (1959); Saletko v. Willys Motors, Inc., 36 Ill.App.2d 7, 183 N.E.2d 569 (1962). Likewise, federal courts dealing with similar factual situations have dismissed complaints for the lack of *in personam* jurisdiction. Desert Palace, Inc. v. Salisbury, 401 F.2d 320 (7th Cir. 1968); Tommills Brokerage Company v. Loeb, Rhoades and Company, 411 F.2d 764 (7th Cir. 1969); Geneva Indus, Inc. v. Copeland Construction Corp., 312 F.Supp. 186 (N.D.Ill. 1970); Quartet Manufacturing Company v. Allied Traders, Ltd., 343 F.Supp. 1302 (N.D.Ill.1972). Thus, based on the authority of previous state and federal court decisions, the non-resident defendant Port Huron does not have sufficient contacts with the State of Illinois to subject it to service of process under Illinois' Long-Arm Statute.*

The interpretation by state and federal courts that the Illinois Long-Arm Statute does not extend Illinois jurisdiction to such cases as the instant action rests on logic and hard fact. To grant jurisdiction in such cases would have an adverse effect on commerce because such a decision would subject any customer of an Illinois business, manufacturer, or mail order house to Illinois jurisdiction in the event of suit arising solely out of the acceptance by mail of an Illinois resident's offer. The ultimate result would be to dissuade customers in foreign states from doing business by mail or even telephone with Illinois businessmen. *See* National Bellas Hess v. Department of Revenue, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967); Conn v. Whitmore, 9 Utah 2d 250, 342 P.2d 871 (Utah, 1959).

■ It is the opinion of this Court that the defendant Port Huron lacks sufficient contact with the State of Illinois to be subject to its Long-Arm Statute. Thus, this Court lacks *in personam* jurisdiction over the defendant. This lack of jurisdiction over the defendant corporation precludes any consideration of the defendant's alternative motion to

---

* Massachusetts has a Long-Arm Statute virtually identical to that of Illinois. See Chapter 223A, Section 3, M.G.L. The Massachusetts Supreme Court in a case similar to the instant action held that a non-resident corporation which only contracted and made payments with a Massachusetts plaintiff through the mail was not subject to Massachusetts' Long-Arm jurisdiction. The court reasoned that there were not present sufficient minimal contacts necessary to confer jurisdiction over the defendant. See "Automatic" Sprinkler Corp. v. Seneca Foods, Corp., 280 N.E.2d 423 (Mass.1972).

transfer this case pursuant to 28 U.S.C. 1404(a).

Accordingly, it is hereby ordered that the defendant's motion to dismiss the complaint for the lack of jurisdiction over its person is granted.

### On Motion for Reconsideration

This cause comes on the plaintiff's motion for reconsideration of this Court's Memorandum Opinion and Order of January 31, 1973 ("Order"). The Order of January 31, 1973 granted the defendant's motion to dismiss the Complaint for lack of in personam jurisdiction.

The plaintiff in support of its motion for reconsideration contends:

(1) The Court failed to consider relevant case law which supports the plaintiff's position;

(2) The Court failed to consider five significant contacts which defendant has with Illinois;

(3) The Court's Order appears to be based solely upon considerations relevant to the "multiple activities test", which is a distinct basis of jurisdiction separate and apart from the Illinois Long Arm Act;

(4) The Court's Order appears to be based upon a misapprehension and misunderstanding of the effect of the 1970 Letter Agreement of the parties leaving the original Lease in full force and effect and modifying only the rental provisions thereof.

It is the opinion of this Court that the Plaintiff has failed to present any sufficient reason for this Court to amend or alter its Memorandum Opinion and Order of January 31, 1973.

The arguments raised by the Plaintiff in its motion for reconsideration merely restate the arguments plaintiff made in its earlier brief. This Court, in its ruling of January 31, 1973, has already considered these arguments. Since the implicit rejection of these arguments in the Court's order of January 31, 1973 did not demonstrate to plaintiff the settled law on this topic, this Court will explicitly reject these arguments and again restate the applicable law.

I. The Seventh Circuit decisions of O'Hare International Bank v. Hampton, 437 F.2d 1173 (7th Cir., 1971); Fisons Limited v. United States, 458 F.2d 1241 (7th Cir., 1972); and Scovill Manufacturing Co. v. Dateline Electronics Co., 461 F.2d 897 (7th Cir., 1972) are not controlling in this case. The instant action is distinguishable from the above cited cases.

Federal courts dealing with factual situations similar to that in the instant action have dismissed complaints based on the lack of *in personam* jurisdiction. Desert Palace Inc. v. Salisbury, 401 F.2d 320 (7th Cir., 1968); Tommills Brokerage Company v. Loeb, Rhoades and Company, 411 F.2d 764 (7th Cir., 1969); Geneva Industries Inc. v. Copeland Construction Corp., 312 F.Supp. 186 (N.D. Ill.1970); Quartet Manufacturing Company v. Allied Traders, Ltd., 343 F.Supp. 1302 (N.D.Ill., 1972).

As this Court has previously stated in its Order of January 31, 1973, the defendant, Port Huron, has its principle and only place of business in Michigan. Port Huron has never been authorized to do business in the State of Illinois, has never maintained any office in that state, has never been listed in any telephone, city, business or trade directory in Illinois, and has never maintained an account with a financial institution in that state. Port Huron is a closely held corporation whose principle assets are 19.08 miles of track (all in St. Clair County, Michigan), 2 locomotives and 2 cabooses. Port Huron employs only 36 individuals. None of Port Huron's directors, officers, employees or agents reside or solicit business in the State of Illinois. The defendant entered into a contract to lease 400 railroad cars from the plaintiff. This contract was the result of the plaintiff's solicitation at defendant's offices in Michigan. The ini-

tial lease executed in 1961 was signed by the defendant in Michigan. This suit involves an extension of the 1961 lease dated June 3, 1970. This 1970 agreement was signed by the plaintiff in Illinois, and then forwarded to the defendant in Michigan where it was "acknowledged and accepted by the defendant". No negotiations concerning that agreement were held in Illinois. The five contacts with Illinois which the plaintiff cites in its motion for reconsideration as significant, are irrelevant to any consideration of *in personam* jurisdiction. None of the contacts rises to the level of the "transaction of business within this state" as is required for jurisdiction under the Illinois Long Arm Statute.

The plaintiff in listing five "significant" contacts with Illinois has failed to consider that none of those contacts required activity by the defendant in Illinois. The due process implication of the extension of personal jurisdiction over non-resident defendants have been clearly restricted to those situations where the defendant has sufficient "minimum contacts" in the forum state so that jurisdiction is reasonable and just. In the instant action, personal jurisdiction over the defendant by this Court would not be reasonable and just. As this Court held in its Order of January 31, 1973, the defendant does not have sufficient minimum contacts with Illinois for jurisdiction to attach under the Illinois Long Arm Statute, Chapter 110 section 17 of the Illinois Revised Statutes. Further, justice and logic would be stretched beyond their elastic limits if, under the facts of the instant action, such a small, localized out-of-state corporation would be forced to litigate in a distant forum.

II. The Court's Order of January 31, 1973 was based specifically on the Illinois Long Arm Statute. As the Court stated "Thus, based on the authority of previous state and federal court decisions, the non-resident defendant Port Huron does not have sufficient contacts with the State of Illinois to subject it to service of process under Illinois Long-Arm Statute". (page 591).

Thus, the plaintiff has cited no reason which would warrant this Court's altering its decision to dismiss the Complaint for lack of *in personam* jurisdiction. Contrary to the plaintiff's contention, it is clear that neither mistake nor inadvertence nor surprise nor excusable neglect resulted in this Court's Order of January 31, 1973. The decision of January 31, 1973 was based on the applicable statutes and case law as well as the dictates of logic. It is this Court's opinion that not only was the Order of January 31, 1973 soundly based on the applicable law, but also that the result of that Order is fair and just to the parties involved. It is equally clear that plaintiff has not developed any newly discovered evidence which would affect the decision of this Court. Further, there has been no new case law decided subsequent to this Court's Order which effects its validity. The plaintiff has not alleged that any fraud or misrepresentation was perpetrated on this Court nor has plaintiff given any reason why justice demands or that extra-ordinary circumstances exist which would require that this Court alter its decision.

Accordingly, the plaintiff's motion for reconsideration of this Court's Memorandum Opinion and Order of January 31, 1973 is denied.