531 P.2d 1183 (1975)
96 Idaho 538
INTERMOUNTAIN BUSINESS FORMS, INC., an Idaho Corporation, Plaintiff-Appellant,
v.
SHEPARD BUSINESS FORMS COMPANY, a business enterprise located in Portland, State of Oregon, which transacts business in the State of Idaho, Defendant-Respondent.
No. 11646.
Supreme Court of Idaho.
February 21, 1975.
*1184 Peter E. Heiser, Jr., Kidwell & Heiser, Boise, for plaintiff-appellant.
Samuel Kaufman, Anderson, Kaufman, Anderson & Ringert, Boise, for defendant-respondent.
SCOGGIN, District Judge (Retired).
Intermountain Business Forms, Inc., an Idaho corporation, instituted this action against Shepard Business Forms Company, an Oregon corporation, alleging damages arising from a breach of contract. Shepard Business Forms Company filed a special appearance and a motion to dismiss for lack of jurisdiction, arguing that the company did not transact business within the State of Idaho. The district court granted the motion. Intermountain Business Forms, Inc., appeals from that order.
The primary issue raised by this appeal is whether the activities of Shepard Business Forms were such that the company is subject to the jurisdiction of Idaho's courts pursuant to the "long arm" statute, I.C. § 5-514 et seq.
The record indicates Intermountain Business Forms, Inc., an Idaho corporation (hereinafter Intermountain) sent on May 6, 1972, a written order to Shepard Business Forms Company (hereinafter Shepard) at its office in Portland, Oregon, for certain business forms, to be shipped to a third party in Idaho. Shepard mailed to Intermountain, from Portland, an acknowledgment of the order and shipped the goods to Intermountain's customer at Caldwell, Idaho, who accepted them. Later, Intermountain alleged the goods shipped did not conform to the contract specifications and were defective so Intermountain revoked acceptance of the goods. This action was instituted in the Fourth District Court, Ada County, by Intermountain to recover damages arising from the breach of contract by shipment of non-conforming goods. Shepard was served in Oregon and filed a special appearance and a motion to dismiss for lack of jurisdiction.
In support of its motion respondent filed the affidavit of Robert Dodd, president of Shepard Business Forms Company. Dodd states therein that respondent is an Oregon corporation with its principal place of business at Portland, Oregon; that said company "does not now, nor did it during any of the period mentioned in plaintiff's complaint, nor prior thereto, do business in the state of Idaho"; and further it has no place of business in Idaho, has no sales representatives traveling in Idaho, and that all business transactions with any residents of Idaho result from requests made to Shepard at its place of business in Portland.
Appellant submitted the affidavit of James Alexander, who stated he was employed by Robert Dodd, the owner of Shepard Business Forms Company from the fall of 1961 to the fall of 1962 as a salesman in Idaho; that it was understood between he and Mr. Dodd that he was to reside in Boise; that he placed a listing for Shepard Business Forms Company in the Boise City phone directory; that Robert Dodd made several trips to Boise on company business; and that to Alexander's *1185 knowledge and belief Shepard Business Forms Company had solicited business in Idaho for the past fifteen or twenty years from printing plants, office supply firms, and printing salesmen.
Intermountain's order for the business forms in this case was for a repeat printing of an order previously printed by Shepard for Intermountain. The words, "exact repeat of all specifications per your job #77945 (7-9-70)", were contained in Intermountain's order form.
Upon the basis of the evidentiary record described above, the district judge granted Shepard's motion to dismiss for lack of personal jurisdiction.
Before considering the jurisdictional issues we must define the evidentiary presumptions by which the record in this case should be reviewed on appeal.
On appellate review of involuntary dismissal at the close of plaintiff's proof in a jury case, this court has held that the evidence introduced must be viewed "in the light most favorable to the plaintiffs, and the plaintiffs are entitled to all reasonable inferences which can be drawn from facts established by their case in chief." Blackburn v. Boise School Bus. Co., 95 Idaho 323, 325, 508 P.2d 553, 555 (1973).
"* * * On appeal from an order granting summary judgment, this court must construe the evidence presented to the district court liberally in favor of the party opposing the order and accord him `the benefit of all inferences which might be reasonably drawn.'" Straley v. Idaho Nuclear Corp., 94 Idaho 917, 918, 500 P.2d 218, 220 (1972). Accord, Fairchild v. Olsen, 96 Idaho 338, 528 P.2d 900 (1974).
These same presumptions should apply to appellate review of the factual questions presented by the conflicting affidavits in a motion to dismiss for lack of personal jurisdiction.
Shepard argues that under the facts it was not transacting any business within this state within the purview of I.C. § 5-514. The relevant portions of the statute at issue provide:
"Acts subjecting persons to jurisdiction of courts of state.  Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
"(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation * * *."
It is obvious Shepard's activities were "for the purpose of realizing pecuniary benefit" and to enhance its business purpose or objective.
The linchpin of Shepard's argument is that the physical presence in Idaho of the party being sued is required before that party can be considered to be transacting business within this state under I.C. § 5-514. We must disagree.
Before considering Shepard's argument the precepts of the "long arm" statute must be reviewed. I.C. § 5-514 must be liberally construed. The statute was designed to provide a forum for Idaho residents; "[a]s such, the law is remedial legislation of the most fundamental nature." Doggett v. Electronics Corp. of America, 93 Idaho 26, 30, 454 P.2d 63 (1969). Accord, B.B.P. Ass'n, Inc. v. Cessna Aircraft Co., 91 Idaho 259, 420 P.2d 134 (1966). By enacting the statute the legislature "intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution." Doggett v. Electronics *1186 Corp., supra 93 Idaho at 30, 454 P.2d at 67. Accord, B.B.P. Ass'n v. Cessna Aircraft Co., supra.
Shepard's argument regarding the requirement of physical presence presents a question of first impression for this jurisdiction. This court has ruled that the physical presence of an out-of-state corporation is not required if an independent contractor representing the out-of-state corporation in the transaction sued upon has been physically present in the jurisdiction.
"It is apparent that Cessna was doing business in Idaho within the definition of I.C. § 5-514(a) supra. Assuming the distributor and dealer were independent contractors and not agents of Cessna, in the ordinary sense of that term, nevertheless they were the agencies or instrumentalities by means of which Cessna carried on the sales and servicing of its products in this state." B.B.P. Ass'n, Inc., v. Cessna Aircraft Co., 91 Idaho 259, 263, 420 P.2d 134, 138 (1966).
Of course, the court in B.B.P. Association v. Cessna Aircraft Co., supra, did not have to reach the question of whether an out of state corporation can transact business within this state without being physically present for the purposes of the transaction sued on or without being represented by a party to the transaction in the state.
Idaho's statute is modeled after the Illinois "long arm" statute. Doggett v. Electronics Corp. of America, supra; B.B.P. Ass'n v. Cessna Aircraft Co., supra. Thus, we may look to the decisions of the Illinois court on point for persuasive guidance. The appellate court of Illinois has held that "[p]ersonal jurisdiction over a nonresident does not depend upon the physical presence of the defendant within the state; it is sufficient that the act or transaction itself has a substantial connection with the forum state." Cook Associates, Inc., v. Colonial Broach & Mach. Co., 14 Ill. App.3d 965, 304 N.E.2d 27, 30 (1973). Accord, Colony Press, Inc. v. M.J. Fleeman, 17 Ill. App.3d 14, 308 N.E.2d 78 (1974). See Koplin v. Thomas, Haab, & Botts, 73 Ill. App.2d 242, 219 N.E.2d 646 (1966); Ziegler v. Houghton-Mifflin Co., 80 Ill. App.2d 210, 224 N.E.2d 12 (1967). Contra, Kropp Forge Co. v. Jawitz, 37 Ill. App.2d 475, 186 N.E.2d 76 (Ill. App., 1962); Saletko v. Willys Motors, Inc., 36 Ill. App.2d 7, 183 N.E.2d 569 (1962).
Viewing the facts of this case in light of the evidentiary presumptions discussed, we find that the transaction has a substantial connection with the forum state. Shepard Business Forms Company accepted an offer from an Idaho domicile to manufacture goods to be sent to Idaho. The shipment was not a one-time transaction; rather, it was part of an ongoing business relationship with Intermountain and other parties located in Idaho. Therefore, we must hold that Shepard's activities constituted the transaction of business in this state under the statute.
Shepard also asserts that to require it to appear and defend in an Idaho court would be to deny it due process of law under the United States Constitution. The basic issue in regard to the due process question is that of "minimum contacts"  has the defendant had such contacts with the jurisdiction so that maintenance of the suit does not violate his rights to due process of the law? The United States Supreme Court has formulated the basic principle by which the question must be analyzed.
"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).
The concept of minimal contacts is often expressed by the idea that "there be some *1187 act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws". Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1239 (1958). Accord, McGee v. Int'l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
Considering the complexities of modern commercial transactions, questions of this nature do not lend themselves to a mechanical analysis; rather each case must be considered in light of its particular jurisdictional facts. Hutter Northern Trust v. Door County Chamber of Commerce, 403 F.2d 481 (7th Cir.1968). See, B.B.P. Ass'n v. Cessna Aircraft Co., supra.
"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).
In the case at bar, Shepard accepted an offer from a resident of Idaho to do business in Idaho by shipping goods to a third party in Idaho per "exact repeat of all specifications per your job #77945 (7-9-70)". Shepard has been called to answer as to whether the goods which he shipped were defective; to require him to answer in an Idaho court would not violate his rights to due process of the law.
The order granting Shepard's motion to dismiss for lack of personal jurisdiction is reversed, and the case is remanded for proceedings not inconsistent with this opinion. Costs to appellant.
McQUADE, C.J., and DONALDSON, SHEPARD and BAKES, JJ., concur.