868 P.2d 483

**WESTERN STATES EQUIPMENT COMPANY, an Idaho corporation, Plaintiff–Respondent,**

v.

**AMERICAN AMEX, INC., a Georgia corporation, Defendant–Appellant.**

No. 20180.

Supreme Court of Idaho, Boise, December 1993 Term.

Feb. 9, 1994.

156

D. Bernard Zaleha, argued, Boise, for defendant-appellant.

Risch, Goss & Insinger, Boise, for plaintiff-respondent. R. John Insinger, argued.

JOHNSON, Justice.

This is a collection case that involves questions concerning personal jurisdiction under our long-arm statute, I.C. § 5–514, and under the due process clause of the Fourteenth Amendment to the United States Constitution. We conclude that the trial court was correct in denying defendant's motion to dismiss challenging personal jurisdiction, but should not have granted summary judgment to plaintiff, because there were genuine issues of material fact concerning personal jurisdiction.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Western States Equipment Company (Western) is an Idaho corporation which is engaged in equipment leasing, sales, and related services. American Amex, Inc. (American) is a Georgia corporation which had a mining operation in Oregon.

American contacted Western to inquire about equipment and services for its Oregon mining operation, and Western furnished equipment and services for this operation. Western brought this action against American, alleging that American owed Western $25,519.30, plus accrued interest.

American has not disputed the amount owed to Western, but filed a special appearance and answer contesting personal jurisdiction by the Idaho district court. Western then requested summary judgment on its collection claim, and supported its request with two affidavits. American moved to dismiss Western's claim, challenging personal jurisdiction in Idaho, and supported its motion with two affidavits.

Both parties agree that Western faxed a "Credit Application and Agreement for Open Account Accommodations" (the credit application) to American in Georgia and that American faxed the completed credit application back to Western's Idaho office. This application is the only written documentation in the record of the parties' business relationship.

The affidavits of the parties present conflicting details surrounding the initial contact and subsequent negotiations between the companies. American's vice president of operations states in his affidavit: (1) he made American's initial contact with Western at Western's LaGrande, Oregon office; (2) he subsequently met with Western's LaGrande sales representative in Baker City, Oregon; (3) he continued to negotiate with Western's sales representative through the sales representative's LaGrande office in the form of

telephone calls, mail, facsimiles, and personal meetings; (4) he has had no contact with Western's Idaho office; and (5) American made one payment personally to Western's sales representative in Baker City, Oregon.

Western's credit manager states in his affidavits: (1) all Western's corporate business is conducted from its general offices in Idaho; (2) as a matter of practice, all negotiations concerning equipment rental must originate and be finalized through Western's general offices; (3) several telephone negotiations took place between American's Georgia office and Western's Idaho office; (4) at least one of the telephone negotiations was initiated by American calling Western at Western's Idaho office; (5) American mailed two payments directly from American's Georgia office to Western's Idaho office; and (6) American's vice president of operations made numerous verbal promises that American would pay the outstanding debt.

The trial court denied American's motion to dismiss, ruling that American was transacting business within Idaho as described in I.C. § 5–514(a). Then, without addressing the jurisdictional issue further, the trial court granted summary judgment in favor of Western. The trial court also awarded Western $5,000 in attorney fees, together with costs and interest on the judgment. After American objected to the amount of attorney fees, the trial court reduced the fee award to $3,000.

American appealed.

## II.

## THE TRIAL COURT CORRECTLY DENIED THE MOTION TO DISMISS, BUT SHOULD NOT HAVE GRANTED SUMMARY JUDGMENT.

American asserts that the trial court should not have ruled that it had personal jurisdiction over American. We conclude that the trial court was correct in denying American's motion to dismiss, but should not have granted summary judgment to Western because there were genuine issues of material fact concerning personal jurisdiction.

### A. DENIAL OF THE MOTION TO DISMISS.

In *Intermountain Bus. Forms, Inc. v. Shepard Bus. F. Co.*, 96 Idaho 538, 531 P.2d 1183 (1975), the Court set forth the "evidentiary presumptions" that "should apply to appellate review of the factual questions presented by the conflicting affidavits in a motion to dismiss for lack of personal jurisdiction." *Id.* at 540, 531 P.2d at 1185. In describing these evidentiary presumptions, the Court said that evidence presented on a motion to dismiss challenging jurisdiction must be viewed in the light most favorable to the non-moving party, and the non-moving party is entitled to all reasonable inferences which can be drawn from the facts presented. *Id.* The Court reaffirmed these evidentiary presumptions in *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 74–75, 803 P.2d 978, 980–81 (1990). *See also Saint Alphonsus v. State of Wash.*, 123 Idaho 739, 741, 852 P.2d 491, 493 (1993).

I.C. § 5–514, a part of Idaho's long-arm jurisdiction statute, provides:

Any ... corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said ... corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such ... corporation....

Western contends that American transacted business in Idaho within the meaning of I.C. § 5–514(a). The undisputed facts show that American was conducting a mining operation in Oregon, and that American negotiated with Western to secure equipment and services for the operation. Western's credit manager states in one of his affidavits:

Several telephone negotiations took place between [American's secretary] in Georgia and [Western's credit manager] in the

State of Idaho concerning the leasing of the subject equipment. At least one (1) of these conversations was initiated by [American's secretary] by calling our General Offices in Idaho.

■ Applying the evidentiary presumptions to this evidence, we conclude that the trial court correctly denied the motion to dismiss. Viewing the facts stated by Western's credit manager in the light most favorable to Western, and drawing all reasonable inferences from those facts, American negotiated with Western through Western's credit manager in Idaho for the lease of the equipment. For the purposes of ruling on the motion to dismiss, this negotiation, combined with the credit application which was submitted to Western's general office in Idaho, indicated the transaction of business in Idaho, as defined in I.C. § 5-514(a).

■ Before being entitled to the denial of the motion to dismiss, however, Western must show that the exercise of personal jurisdiction by an Idaho court would not violate the "minimum contacts" requirement of the due process clause of the Fourteenth Amendment. *Saint Alphonsus*, 123 Idaho at 742-44, 852 P.2d at 494-96.

■ In *Houghland Farms*, the Court noted that I.C. § 5-514 provides for the exercise of specific personal jurisdiction, and therefore the "suit for which jurisdiction is sought must arise out of or relate to the defendant's contacts with Idaho." 119 Idaho at 75, 803 P.2d at 981. Not just any contacts with Idaho will suffice to sustain the exercise of jurisdiction. The United States Supreme Court has described the idea of minimum contacts as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). *See Intermountain*, 96 Idaho at 541-42, 531 P.2d at 1186-87. For specific personal jurisdiction, the ensuing litigation must arise out of or relate to the contacts. *Houghland Farms*, 119 Idaho at 75, 803 P.2d at 981. Whether there have been sufficient contacts must be determined on a case by

case basis. *Intermountain*, 96 Idaho at 542, 531 P.2d at 1187.

■ In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 544-45 (1985), the United States Supreme Court rejected the notion that a contract alone could establish minimum contacts. Instead, the dealings between the parties both prior to, and following, the execution of the contract must be examined. *Houghland Farms*, 119 Idaho at 78, 803 P.2d at 984.

We conclude that for purposes of the motion to dismiss, viewing the evidence in the light most favorable to Western and drawing all reasonable inferences in favor of Western, Western established that American had purposely availed itself of the privilege of conducting business in Idaho. American negotiated with Western's general office in Idaho for the lease of the equipment. Western extended credit to American through its general office in Idaho, based on the credit application American faxed to Western in Idaho. These circumstances are sufficient for purposes of ruling on the motion to dismiss to conclude that American purposefully directed its activity to Idaho, and could "reasonably anticipate being haled into court" in Idaho. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980).

■ This analysis does not end the due process inquiry, however. The due process analysis is a two-step process. Once a court determines that the requisite minimum contacts with the forum state exist, the court must then consider the contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). *See Houghland Farms*, 119 Idaho at 76, 803 P.2d at 982. This analysis permits the court to consider:

[1] "the burden on the defendant,"

[2] "the forum State's interest in adjudicating the dispute,"

[3] "the plaintiff's interest in obtaining convenient and effective relief,"

[4] "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and

[5] the "shared interest of the several States in furthering fundamental substantive social policies."

*Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184, 85 L.Ed.2d at 543 (quoting *World-Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564, 62 L.Ed.2d at 498). *See Houghland Farms,* 119 Idaho at 76, 803 P.2d at 982.

Considering these factors for the purposes of ruling on the motion to dismiss, we conclude that the assertion of personal jurisdiction by an Idaho court would comport with fair play and substantial justice. We note in particular that American does not dispute the principal amount Western seeks to recover. In light of this circumstance, we see little burden on American by being required to defend in Idaho. Both Idaho and Western have an interest in having the case resolved in our courts. The resolution of the case in Idaho would be efficient and would further the shared interest of several states.

### B. THE MOTION FOR SUMMARY JUDGMENT.

After denying American's motion to dismiss, the trial court then asserted jurisdiction under I.C. § 5–514(a) and proceeded to grant Western's motion for summary judgment on the merits, stating that "it's obvious considering my prior ruling [on jurisdiction] that the motion for summary judgment should be granted, and it's not contested and the affidavit of [Western's credit manager] certainly sets out the proper matter."

In granting summary judgment, the trial court inadvertently failed to address the merits of the personal jurisdiction question raised by American's answer. The denial of the motion to dismiss did not establish the trial court's jurisdiction, it merely resolved the initial challenge raised by the motion. The question of jurisdiction still remained to be resolved in considering the case on the merits.

In considering a motion for summary judgment, the trial court, and this Court on review, should liberally construe the facts in the record in favor of the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Hecla Min. Co. v. Star–Morning Min. Co.,* 122 Idaho 778, 784, 839 P.2d 1192, 1198 (1992).

Applying this standard, we conclude there are genuine issues of material fact concerning whether American was transacting business in Idaho under I.C. § 5–514(a) and whether there were sufficient minimum contacts to satisfy the Fourteenth Amendment due process requirements.

The affidavit of American's vice president of operations portrays the negotiations between American and Western as occurring in Oregon. The only contact American admits having with Idaho is the faxing of the credit application. For the purpose of ruling on the motion for summary judgment, this single contact is not sufficient to eliminate genuine issues of material fact. These genuine issues concern the negotiations and communications between American and Western that must be resolved to determine whether Idaho courts may entertain this lawsuit.

### III.

### CONCLUSION.

We affirm the trial court's denial of American's motion to dismiss. We vacate the trial court's summary judgment and remand the case to the trial court for further proceedings.

Because we vacate the summary judgment, we find it unnecessary to address the issues concerning the trial court's award of attorney fees and costs.

We award costs, but not attorney fees, to American on appeal.

McDEVITT, C.J., and BISTLINE, TROUT and SILAK, JJ., concur.