523 P.2d 1363

**SIMPLOT SOILBUILDERS, INC., a corpo-
ration, Plaintiff-Appellant,**

v.

**Russell LEAVITT and John Houtman,
Defendants–Respondents.**

**No. 11500.**

Supreme Court of Idaho.

June 28, 1974.

Kenneth F. Clarke of Clarke & Jarman, Blackfoot, for plaintiff-appellant.

Dwight E. Baker of Furchner, Martsch & Baker, Blackfoot, for defendants-respondents.

BAKES, Justice.

This action was brought by Simplot Soilbuilders, Inc., (hereinafter Simplot) to obtain payment for fertilizer applied to the property of defendant John Houtman. The fertilizer had been ordered by defendant Russell Leavitt, the tenant farmer of Houtman, for use on the Houtman property. Both defendants were sued as principals to the contract. Before trial, default judgment was entered against Houtman, who has declared bankruptcy. He is not a party to this appeal. The trial court, sitting without a jury, found that Simplot knew Leavitt was Houtman's agent when the fertilizer was ordered, and therefore concluded that Leavitt was not obligated to pay for the fertilizer as a principal to the contract. Appeal is taken from this finding of fact and conclusion of law.

Leavitt had ordered fertilizer to be delivered to two parcels of property that he was farming—the Maruji place which he owned and farmed himself, and the Houtman place which he had previously owned and had recently sold to Houtman,

agreeing, as a condition of sale, to farm it for Houtman. Leavitt testified that he had informed Simplot's employees that the fertilizer which he ordered for the Houtman place would be for Houtman's account and that any questions which they had about that matter should be directed to Houtman. Simplot's employees testified that they did not remember receiving any such instructions from Leavitt, although they were aware that Houtman had an interest in the property. They further were aware that a wide variety of landlord-tenant farmer arrangements were common in that area and were familiar with a great number of billing arrangements between landlord and tenant farmer, including the one which Leavitt described. The judge, after weighing the testimony, found that Leavitt was acting as Houtman's agent when he ordered the fertilizer and that Leavitt had informed Simplot of the agency, and thus concluded that Leavitt was not liable to pay for the fertilizer. Simplot argues that this finding of agency is incorrect as a matter of law. However, an examination of the record indicates that there is substantial though conflicting evidence to support the trial court's finding upon this point, and therefore we will not disturb that finding. Planting v. Board of County Commissioners of Ada County, 95 Idaho 484, 511 P.2d 301 (1973).

Simplot further argues, however, that much of the evidence by which Leavitt attempted to establish the agency relationship with Houtman was improperly admitted in violation of the hearsay rule. Three specific items were objected to:

(1) Leavitt's testimony concerning his arrangements with Houtman;

(2) defendant's exhibit 1, consisting of some sheets of paper listing the charge per acre for various farming services to be performed for Houtman by Leavitt, followed by the line (written in Houtman's hand), "To be paid for as work has been performed. [Signed] John Houtman, 3–16–70;" and

(3) defendant's exhibit 2, a notebook in which Leavitt kept a running tally of services performed on the Houtman place and the charges for them.

■ First, regarding the testimony of Leavitt concerning his agreement with Houtman to farm Houtman's property, Leavitt testified that he had an oral agreement with Houtman to order fertilizer for the Houtman place and that Houtman had told him to order fertilizer from the same company that Leavitt ordered fertilizer for his own operation. The statement of the arrangement reached between the two parties is admissible as evidence. In the case of Killinger v. Iest, 91 Idaho 571, 428 P.2d 490 (1967), where the agency of another tenant farmer and his liability for goods ordered was at issue, this Court said:

"While an agency relation cannot be proved by the extra-judicial statements and declarations of one purporting to act as agent, the fact of agency, when it rests in a parol agreement, may be established at trial by the testimony of the agent himself. The agent's extra-judicial statements are mere hearsay, but at trial the agent's testimony concerns his relationship to the alleged principal. The relationship being in issue and the witness being subject to cross-examination, the agent's testimony cannot be termed hearsay. (Citations omitted)." 91 Idaho 576, 428 P.2d at 495.

There was no error in the admission of this testimony.

■ Regarding the two exhibits introduced into evidence over objection, defendant's exhibit 1, the papers signed by Houtman, and defendant's exhibit 2, Leavitt's records of charges to Houtman for the work as performed, were business records within I.C. § 9–414 and were admissible.

Judgment affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.