539 P.2d 283

**Paul D. AKICHIKA, Plaintiff-Appellant,**

v.

**Robert KELLERHER, Defendant-Respondent.**

**No. 11536.**

Supreme Court of Idaho.

July 21, 1975.

Richard B. Eismann, Homedale, for plaintiff-appellant.

Gerald L. Weston of Miller, Weston & Tunnicliff, Caldwell, for defendant-respondent.

McFADDEN, Justice.

The plaintiff-appellant, Paul D. Akichika, instituted this action against defendant-respondent, Robert Kelleher, alleging in his complaint fraudulent misrepresentation and a breach of a conditional sales contract for a certain truck. He sought relief by way of compensatory and punitive damages and for a decree quieting title in him to the truck in question. Robert Kelleher, the defendant-respondent, a resident of Oregon, by special appearance, moved to quash issuance of summons, asserting that the Idaho court lacked personal jurisdiction over him. The trial court entered its order denying respondent's motion to quash service of summons. Thereafter the default of the respondent was entered, and the trial court heard evidence submitted on behalf of the appellant, following which the trial court entered findings of fact, conclusions of law and judgment. The trial court ruled that it did not have personal jurisdiction over the respondent, but that it did have jurisdiction over the truck in question, and thereafter entered its judgment quieting title in the appellant to the truck in question.

Appellant appeals from the judgment assigning as error the trial court's ruling that the court did not have personal jurisdiction over the respondent in order to award damages. We affirm.

The transaction at issue involves the purchase by Akichika of a truck represented to be a 1971 Ford F-700 from Kelleher, an Oregon auto dealer. Akichika alleges that the truck was not a 1971 Ford F-700 truck but was rebuilt from parts of several trucks of different model years.

Kelleher placed the following classified advertisement in the Portland *Oregonian,* a

daily newspaper published in Portland, Oregon.

> " '71 FORD F–700
> 10-wheeler, 24' stake bed, $4950.
> 12500 SW Main, Tigard."

Akichika read the advertisement in a newspaper which he found in the Boise air terminal. He called his brother living in Oregon and asked him to determine the phone number of the party offering the truck for sale. After he received Kelleher's phone number, Akichika called him from his home in Homedale, Idaho. During the conversation Kelleher represented the truck to be a 1971 F–700 model and they made an appointment for Akichika to examine the truck in the Portland area. After Akichika saw the truck, the parties entered into a contract in Oregon for the purchase of a 1971 Ford truck. Akichika paid $1,000.00 to Kelleher in Oregon and took possession of the truck in Oregon. According to the contract, Akichika was to pay Kelleher $2,500.00 upon "demand at presentation of ownership certificate to satisfy the Idaho 1rst [sic] National Bank of Homedale, Idaho".

On the trip back to Homedale, Idaho, the truck broke down in Oregon. While the truck was being repaired in Ontario, Oregon, Akichika was informed that the truck was not a 1971 model, but was rebuilt from parts of several trucks of different model years. He refused to pay the balance due after Kelleher had presented the truck's title to the Idaho bank. In November, 1971, Kelleher made several attempts to repossess the truck—he contacted the Homedale Police Department who refused to assist him; then, he unsuccessfully attempted to personally repossess the truck at Akichika's farm near Homedale; and, then, he contacted the Owyhee County sheriff who also refused to assist him.

■ The only issue raised by this appeal is whether an Idaho court, pursuant to I.C. § 5–514 and the requirements of due process, has personal jurisdiction of Kelleher so that the court can hear Akichika's complaint praying for award of damages from Kelleher. I.C. § 5–514 provides:

> "Acts subjecting persons to jurisdiction of courts of state.—Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> "(a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation.
>
> "(b) The commission of a tortious act within this state; * * *."

Implicit in a jurisdictional question such as this are two issues—whether the acts alleged fall within the acts enumerated by the statute, and whether the assertion of jurisdiction would violate the defendant's right to due process of law.

■ In *Intermountain Bus. Forms, Inc., v. Shepard Bus. Forms Co.,* 96 Idaho 538, 531 P.2d 1183 (1975), this court has summarized certain precepts by which cases arising under this statute should be reviewed:

> "Considering the complexities of modern commercial transactions, questions of this nature do not lend themselves to a mechanical analysis; rather each case must be considered in light of its particular jurisdictional facts." 96 Idaho 538, 531 P.2d at 1187.
>
> " * * * I.C. § 5–514 must be liberally construed. The statute was designed to provide a forum for Idaho residents; '[a]s such, the law is remedial legislation

of the most fundamental nature.' *Doggett v. Electronics Corp. of America*, 93 Idaho, 26, 30, 454 P.2d 63 (1969) [citation omitted]. By enacting the statute the legislature 'intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution.' *Doggett v. Electronics Corp.*, *supra*, 93 Idaho at 30, 454 P.2d at 67". 96 Idaho 538, 531 P.2d 1185.

See, *B.B.P. Ass'n., Inc. v. Cessna Aircraft Co.*, 91 Idaho 259, 420 P.2d 134 (1966). Idaho's statute is modeled after the Illinois "long arm" statute. *Intermountain Bus. Forms, Inc., v. Shepard Bus. Forms Co.*, *supra*, 96 Idaho 538, 531 P.2d 1186. Thus, we may look to the decisions of the Illinois courts on point for guidance.

Akichika argues that Kelleher's acts of which he complains supply two bases for jurisdiction—"the transaction of any business within this state" (I.C. § 5–514(a) ) and "[t]he commission of a tortious act within this state" (I.C. § 5–514(b). However, construing the statute liberally, we cannot find that Kelleher's acts are encompassed within either provision.

▉ Analysis of the facts reflects that Kelleher was not transacting business within Idaho when he sold the truck to Akichika. Kelleher advertised the truck in a newspaper whose primary circulation area is the Portland trading area; that advertisement gave no means of communicating with Kelleher except by a personal visit to his place of business in a Portland suburb. The contract was entered into in Oregon and the truck was tendered and accepted in Oregon. Kelleher's contacts with Idaho—a phone call from Akichika inquiring about the truck, use of an Idaho bank as an agent for transfer of title, and Kelleher's attempts to repossess the truck at Akichika's farm—were only incidental to the transaction, and not an integral part of the transaction at issue. *See, Desert Palace, Inc. v. Salisbury*, 401 F.2d 320 (7th Cir., 1968, applying the Illinois statute); *Continental Nut Co. v. Robert L. Berner*

*Co.*, 345 F.2d 395 (7th Cir., 1965, applying the Illinois statute) ; *Baughman Manuf. Co. v. Hein*, 44 Ill.App.2d 373, 194 N.E.2d 664 (Ill.App., 1963) ; *Grobahk v. Addo Machine Co.*, 16 Ill.2d 426, 158 N.E.2d 73 (Ill.1959). Accordingly, we find that an Idaho court cannot assume personal jurisdiction of Kelleher pursuant to I.C. § 5–514(a), as Kelleher was not transacting business in the state of Idaho.

▉ Akichika also argues that an Idaho court may assert jurisdiction pursuant to I.C. § 5–514(b) because Kelleher committed the tort of fraud within this state. With this complaint, Akichika alleged facts such that, if proven, would entitle him to damages for fraud; however, Akichika must also establish that the tortious act occurred in Idaho. As far as fraud is concerned, there are no basic contacts in Idaho out of which the fraud arose and the injury occurred where the sale was concluded.

Because we find that the facts herein do not constitute acts such that an Idaho court may assume jurisdiction pursuant to I.C. § 5–514, we do not have to consider the due process questions.

Judgment affirmed; costs to respondent.

McQUADE, C. J., and DONALDSON and BAKES, JJ., concur.

SHEPARD, Justice (dissenting).

I dissent. I agree that "questions of this nature do not lend themselves to a mechanical analysis; rather each case must be considered in light of its particular jurisdictional facts" and that the legislature by enacting I.C. § 5–514 "intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the Constitution." However, I must disagree with the rationale by which the majority has reached its narrow interpretation of Idaho's long arm statute.

This court has held:

"The purpose of the 1961 Act and particularly § 5–514 thereof, was to furnish, so far as possible, a local forum to resi-

dents of this state who have a grievance against a nonqualifying foreign corporation, growing out of its business activities here. The statute is remedial and is to be liberally construed to achieve that purpose." *B. B. P. Association, Inc. v. Cessna Aircraft Company*, 91 Idaho 259, 264, 420 P.2d 134, 139 (1966).

The majority concludes that since Idaho has no jurisdiction under I.C. § 5–514 the court does not have to consider the due process questions which would be raised on these facts. It is established that Idaho courts can assert personal jurisdiction to the full extent of the due process clause. *Doggett v. Electronics Corp.*, 93 Idaho 26, 454 P.2d 63 (1969); *Intermountain Business Forms, Inc. v. Shepard Business F. Co.*, 96 Idaho 538, 531 P.2d 1183 (1975). I disagree with the majority that two issues are to be decided, one statutory and one constitutional. The statutory question cannot be decided without also deciding the constitutional question.

The proper approach, I believe, in this case is to determine whether constitutional guarantees of due process would be violated by requiring Kelleher to defend the instant action in Idaho. If the constitutional guarantees would be violated, then Idaho can of course have no jurisdiction. If not, then the doors of the Idaho courts are open to Akichika. The general test to be used is contained in the still viable language of *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945):

"Due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

Those minimum contacts need not be continuous but may be an isolated act "by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Therefore to state as does the majority that Kelleher's contacts with Idaho were "only incidental to the transaction, and not an integral part of the transaction at issue," is completely beside the point.

In requiring Kelleher to defend this action in Idaho I see nothing offensive to "traditional notions of fair play and substantial justice." Kelleher knowingly did business with a person who lived in Idaho. It was not only foreseeable to Kelleher that the truck which he owned would enter Idaho, he knew it for a fact. The transfer of title to the vehicle was to take place in Idaho and for that purpose Kelleher availed himself of the services of the Idaho First National Bank at Homedale, Idaho. Kelleher personally entered Idaho and attempted to personally obtain possession of the vehicle. When that effort failed, he attempted to use the Idaho legal machinery to gain possession of the vehicle. Kelleher precipitated the dispute by taking the first legal steps within the State of Idaho and I believe it is certainly within notions of fair play and substantial justice to require him to adjudicate the entire case in Idaho.

At this juncture there is no need to decide if the action is one in tort or in contract, which state law is to be applied, or if Idaho has exclusive jurisdiction. The fact that the courts of Oregon might be able to also assert personal jurisdiction is no bar to the Idaho action. In my judgment a liberal construction of our long arm statute requires a reversal of the judgment of the trial court.