WIGGINTON, Judge.
Appellants appeal the trial court’s order denying their motions to dismiss appellee’s amended complaint on the ground of lack of in personam jurisdiction. We affirm.
*419 Appellee company’s amended complaint alleges that appellants were salesmen for the company from 1976 until their resignation, that in the course of their employment with the company, they operated, conducted, engaged in, or carried on a business or business venture in Florida or had an office or agency in Florida in connection with their employment and that the cause of action sued upon arose out of their employment activities in Florida. The complaint further alleges that while employed by the company, appellants intentionally plotted to set up their own business and take the company’s established accounts with them, wrongfully appropriating company files and records upon their termination on July 1, 1982. The sketchy record before us includes a letter dated June 27, 1982, prepared by appellants and written on “Earp & Waldrip Sales Co.” letterhead to a company customer soliciting the account and requesting the customer to permit appellants’ new business to represent them in the future and stating that the main office of appellants’ new business would be located in Atlanta, Georgia, with appellant Waldrip continuing to operate out of Birmingham, Alabama.
An affidavit filed by appellant Earp, in support of his motion to dismiss, stated that during his association with the Dyal company, he was an independent contractor, lived and worked exclusively in the state of Georgia and received his compensation in Georgia by mail from the company. Waldrip filed no affidavit in support of his motion to dismiss.
Marvin Dyal, president of the company, filed affidavits as to both appellants stating that Waldrip originally worked for the company in Jacksonville, but in 1979 he was transferred to Birmingham, Alabama; even after his transfer, Waldrip as well as Earp visited the Jacksonville office on numerous occasions; the company acted as a home office and agency for appellants during the course of their employment, taking messages for appellants’ customers and for manufacturers, and processing orders from appellants’ customers in the amount of an average of twenty-five per week during the course of their employment; the Jacksonville office called customers on appellants’ behalf to inform them of price increases and promotions, and to give them messages from appellants; the office assisted appellants in collecting past due accounts and provided business cards, memos, purchase order forms, envelopes, and catalogues; weekly, appellants were sent copies of all information pertinent to their territories; they called the Jacksonville office on an average of two to three times a day during their employment to get messages or to receive other assistance; they received a draw and commission on all of their orders which the Jacksonville office processed and received the benefits from numerous other services handled by the office, including the collection of accounts and payment of sums due appellants.
The applicable long arm statute, Section 48.193(l)(a), Florida Statutes, provides that a person is subject to jurisdiction in this state if he “operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state .... ” Section 48.-193(3) provides that:
Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section ....
According to Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1976), the criteria to be considered when applying the above long arm statute are: (1) whether the defendant purposely availed himself of the privilege of acting in the forum state or caused a consequence in the state; (2) whether the cause of action derived from the defendant’s activities there; and (3) whether the .acts of the defendant had a substantial enough connection with the state to make exercise of jurisdiction over the defendant reasonable.
Earp’s rather bare affidavit did not overcome the pleadings and affidavits filed by Dyal which therefore must be taken as true and which allege sufficient minimum *420 contacts between appellants and the state of Florida to support application of Section 48.193(l)(a), Florida Statutes. Compare Dublin. The company is suing upon actions taken by appellants during the time they were, based upon the record before us, engaging in a business or business venture in this state as salesmen for the Dyal company. The cause of action arises from those activities, within the contemplation of Section 48.193(3), Florida Statutes.
The trial court did not err in denying the motion to dismiss.
AFFIRMED.
JOANOS and ZEHMER, JJ., concur.