485 So.2d 881 (1986)
Robert M. DAMOTH, Appellant,
v.
Paul F. REINITZ, Appellee.
No. 85-1085.
District Court of Appeal of Florida, Second District.
March 26, 1986.
*882 George J. Felos, of Felos & Felos, Dunedin, for appellant.
William A. Wares, of McKay & Thomas, Tampa, for appellee.
DANAHY, Acting Chief Judge.
Robert M. Damoth sued Paul F. Reinitz, a nonresident, in an action for fraud. Damoth appeals a nonfinal order quashing service of process and dismissing the complaint for lack of jurisdiction over Reinitz.[1]
We are asked to decide whether our "long arm" statute applies to this case and, if so, whether it is fair and in accord with requirements of due process for Florida courts to exercise personal jurisdiction over Reinitz. We hold that Florida courts do have jurisdiction and, accordingly, reverse the order.
We begin our discussion with an analysis of the pertinent provision of our "long arm" statute and the facts of this case. Section 48.193(1), Florida Statutes (Supp. 1984), provides:
Any person, whether or not a citizen of this state .. . submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(c) Owning, using or possessing any real property within this state.
At the hearing on Reinitz' motion to dismiss the complaint and quash the service of process, the trial court considered Damoth's pleadings and the affidavit he filed in response to Reinitz' affidavit. On review we must determine whether the jurisdictional allegations are sufficient to invoke the long arm statute. We have undertaken that task conscious of the burdens of proof imposed on the parties. See Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977), Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986); Yale Industrial Products, Inc. v. Gulfstream Galvanizing & Finishing, Inc., 481 So.2d 1304 (Fla. 4th DCA 1986). Waldrip v. Dyal Sales Co., 436 So.2d 418 (Fla. 1st DCA 1983).
The facts alleged in Damoth's first count are these: Reinitz, a resident of Indiana, is the co-owner of sixty-five acres of Florida real estate. In 1982 he caused the property to be listed for sale with his agent in Florida. That period had expired when, in 1984, Reinitz initiated telephone contact with Damoth at Damoth's Florida residence. Reinitz inquired whether Damoth was interested in purchasing the property. Damoth said that he was and during the *883 next several months the parties entered into extensive negotiations by telephone and correspondence. Throughout these negotiations, Reinitz represented that he had an executed power of attorney from his co-owners authorizing him to act in their behalf in all matters concerning an option and sale of the property. Damoth alleges that that representation was false, was known by Reinitz to be false when he made it, and that he, Damoth, relied on it to his financial detriment. Damoth goes on to allege that the parties agreed to the terms of an option for the sale of the property at a price of $9,000 per acre with $2,000 to be paid by Damoth to bind the option which was to be drawn up and executed by the parties. Damoth paid over the $2,000 binder at Reinitz' request before an option was signed.
While the option was being drawn by an attorney, Damoth incurred expenses for improvements to the property, a survey, an abstract of title, an engineering study, and a hydrology report. These expenses were incurred either at Reinitz' request or with his knowledge and consent. Later, Reinitz informed Damoth that their agreement was terminated and that he would not sign the option Damoth had sent to him because one of his co-owners demanded a greater sales price for the property. In his second count, Damoth goes on in a similar vein to allege an alternate theory of fraud which we find unnecessary for our disposition of this case to summarize here.
Damoth did not allege that the complained-of events occurred only in Florida. Yet, in his response to all of Damoth's allegations, Reinitz essentially responds that he neither made the representations nor did any of the acts attributed to him occur "in the State of Florida." We think that response misses the point when testing the sufficiency of allegations necessary to invoke subsection (1)(c) of our long arm statute. Reinitz' denial that the events occurred within Florida is not a denial that they in fact occurred elsewhere, e.g., Indiana. Thus, for our analysis of jurisdiction, Damoth's allegations are sufficient.
We find that in either count of the complaint Damoth alleged a cause of action for fraud. See Mossler Acceptance Co. v. Perlman, 47 So.2d 296 (Fla. 1950). Further, we believe that the cause of action does "arise from" Reinitz' ownership of real property in this state as that term is envisioned by section 48.193(1)(c). Construction of our long arm statute is limited only by its terms and the due process requirement of minimum contacts with this state. DeMarco v. Cayman Overseas Reinsurance Association, 460 So.2d 547 (Fla. 1st DCA 1984). Further, we think that the term "arising from" is broad; it is not restricted to actions which directly challenge the ownership of the property, nor to actions in which the property itself is the subject of the lawsuit. See Tandy & Wood, Inc. v. Munnell, 97 Idaho 142, 540 P.2d 804 (1975). Rather, the term means that a "direct affiliation," "nexus," or "substantial connection" exists between the basis for the cause of action and the ownership of the property. Griffin v. Zinn, 318 So.2d 151 (Fla. 2d DCA 1975); Tandy.
In the case before us, the controversy involves an alleged fraudulent misrepresentation during negotiations initiated by Reinitz for an option to Damoth to buy Reinitz' property. Relying on that misrepresentation, Damoth says that he paid money to Reinitz and incurred other expenses as damages in this action. We hold that under these circumstances there is a substantial connection between the basis for the suit (fraud) and the act by Reinitz which invokes the long arm statute (his ownership of Florida real property). But for the latter, the former would not have occurred. See Tandy. Thus, answering our initial question, we find the long arm statute applies here.
We turn next to the second question and find that due process standards of fundamental fairness are satisfied in this case. Reinitz' ownership of the property was a deliberate, nonfortuitous, and continuous act. See First National Bank v. Collins, 372 So.2d 111 (Fla. 2d DCA 1979). *884 Through his act of owning real property in this state, Reinitz purposely availed himself of the benefits and protections of Florida's law of real property including the right to sell or enter into other transactions concerning his property. He also enjoys the benefits of local laws and regulations. He pays property taxes for some of those benefits and protections. Since he enjoys benefits from and has certain obligations to this state, he could reasonably foresee being brought into a Florida court to litigate a suit which could not have come into being but for his ownership of that property. See Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981); Tandy.
In sum we believe that the fraud allegedly committed by Reinitz is sufficiently connected with Reinitz' ownership of Florida real estate to apply the long arm statute. We further believe that Reinitz has established the "minimum contacts" with Florida to bring him within the personal jurisdiction of Florida courts without offending traditional notions of fair play and substantial justice. See, generally, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981); Annot., 4 A.L.R.4th 958 (1981).
Accordingly, we reverse the order of the trial court and remand this case for reinstatement of the complaint and for further proceedings.
CAMPBELL and FRANK, JJ., concur.
NOTES
[1] Reinitz was personally served with process at his residence in Indiana by an authorized officer pursuant to section 48.194, Florida Statutes (1983).