SCHWARTZ, Chief Judge.
On the ground that the defendant-appellant Blackmon, a resident of California, was not properly served with process, we reverse the order below denying his motion to set aside a default entered against him. Of the several attempts at service of process asserted by the plaintiff below, the only even arguably valid one[1] was effected through the secretary of state based upon the grant of long-arm jurisdiction contained in section 48.193(l)(c), Florida Statutes (1985); that is, that the action arose out of Blackmon’s “[ojwning ... real property within this state.” Section 48.193(3), however, provides that service under section 48.193(1) may be made only by personal *1132 service on the non-resident defendant pursuant to section 48.194. Nettles v. White, 439 So.2d 1048 (Fla. 2d DCA 1983); see Damoth v. Reinitz, 485 So.2d 881 (Fla. 2d DCA 1986) (noting that service deemed proper pursuant to section 48.193(l)(c) was made personally under section 48.194). This did not occur here. The appellee’s invocation of section 48.193(5)[2] to save the service is plainly unavailing because there is no other statutory provision which authorizes service on the secretary of state on the basis of the mere ownership of realty, which is exclusively provided by section 48.193(l)(c).[3]
For these reasons, we conclude that the trial court did not obtain jurisdiction over the appellant, and the order under review is therefore reversed with directions to vacate the default.
Reversed.

. The other alleged grounds of jurisdiction may be summarily rejected without discussion.

. § 48.193(5) provides:
Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereinafter provided by law.

. Compare, for example, the "doing business" basis of long-arm jurisdiction contained in § 48.193(l)(a), as to which service through the secretary of state is also authorized by § 48.181. See American Motors Corp. v. Abrahantes, 474 So.2d 271, 272 n. 1 (Fla. 3d DCA 1985).